THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOSEPH JOHN KUBALA | § | CASE NO. 19-40292-R |
| XXX-XX-6252 | § | |
| 3505 SPRUCE STREET | § | CHAPTER 13 |
| ROYSE CITY, TX 75189 | § | |
| | § | |
| ERIN COLLEEN KUBALA | § | |
| XXX-XX-7868 | § | |
| | § | |
| DEBTORS | § | |

## TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION

TO THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT :

COMES NOW CAREY D. EBERT, the Standing Chapter 13 Trustee, and files this Objection to Debtors' Motion to Modify Chapter 13 Plan After Confirmation in the above styled case, and for cause would show the Court the following:

The Trustee objects to the Debtors' Motion to Modify Chapter 13 Plan After Confirmation on the following grounds:

It does not appear that the Debtors will be able to make all payments under the plan as required by 11 USC §1325(a)(6).

It does not appear that the Debtors will be able to make all payments under the plan as required by 11 USC §1325(a)(6). Because the payments are not feasible, it appears the Debtors will ultimately have to sell the homestead to satisfy the various arrears. Trustee requires the following additional provision:

Trustee objects to feasibility, for among other reasons the plan contemplates a sale of a house or inability to make payments will likely result in a sale of the homestead. To resolve the feasibility objection, the Debtors agree if they seek to sell their homestead: (a) they will move to approve any sale or refinancing; (b) the title company shall be deemed to have received and distributed on the Trustee's behalf all amounts paid on claims that are to be paid through this plan, remain unpaid, and are paid at closing; (c) the Trustee shall receive a fee on all the amounts received and distributed on her behalf; and (d) the title company at closing will distribute to the Trustee her fee based on the then prevailing Trustee fee percentage.

The Debtors have not separately filed amended Schedules I and J to verify current income and expenditure information, or given an explanation of their ability to make the step up in Plan payment amounts.

Debtors have not filed a current declaration regarding status of post-petition payments. (TXEB Local Form 3015-C)

WHEREFORE, PREMISES CONSIDERED, Carey D. Ebert, The Standing Chapter 13 Trustee, prays that the Court set a hearing on the matter and enter an order denying the Debtors' Motion to Modify Chapter 13 Plan After Confirmation and providing such other relief as is just and equitable.

Respectfully submitted,

/s/ H. Jefferson LeForce
Carey D. Ebert, Chapter 13 Trustee, TBN 05332500
H. Jefferson LeForce, TBN 00791094
Office of the Standing Chapter 13 Trustee
500 North Central Expressway, Suite 350
Plano, Texas 75074
(972) 943-2580 / Fax (972) 943-8050

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Objection to Debtors' Motion to Modify Chapter 13 Plan After Confirmation has been served upon the following parties in interest on the date set forth below by mailing a copy of same to them via first class mail.

| | |
|---|---|
| JOSEPH JOHN KUBALA<br>ERIN COLLEEN KUBALA<br>3505 SPRUCE STREET<br>ROYSE CITY, TX  75189 | THE MITCHELL LAW FIRM, L.P.<br>1412 MAIN STREET, SUITE 500<br>DALLAS, TX  75202 |
| LINEBARGAR GOGGAN BLAIR & SAMPSON LLP<br>2777 N. STEMMONS FREEWAY SUITE 1000<br>DALLAS, TX  75207 | RIDDLE & WILLIAMS, P.C.<br>3811 TURLE CREEK BLVD<br>STE. 500<br>DALLAS, TX  75219 |
| MACKIE WOLF ZIENTZ & MANN, P.C.<br>PARKWAY OFFICE CENTER, SUITE 900<br>14160 NORTH DALLAS PARKWAY<br>DALLAS, TX  75254 | THE MITCHELL LAW FIRM, L.P.<br>1412 MAIN STREET, SUITE 500<br>DALLAS, TX  75202 |

Dated:  July 29, 2020         /s/ H. Jefferson LeForce
                              Office of the Standing Chapter 13 Trustee